IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SAFECO NATIONAL INSURANCE CO., | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. : 7:09-CV-71 (HL) |
| DESSIE CORBETT and FRANK CORBETT, | : : : : |
| Defendants. | : : |

## ORDER

This matter is before the Court on Plaintiff's, Safeco National Insurance Co. ("Safeco"), Motion to Stay Civil Action Pending Outcome of Criminal Proceeding (Doc. 21).  Defendants, Dessie and Frank Corbett, filed a response consenting to the proposed stay (Doc. 22).  For the following reasons, the Court denies Safeco's Motion.

## I.    BACKGROUND

One June 8, 2009, Safeco filed a Complaint for Declaratory Judgment ("the Complaint") against Dessie and Frank Corbett (Doc. 1).  Safeco's Complaint states that it entered into a contract with the Corbetts to provide them homeowner's insurance with a term of coverage from March 13, 2008 to March 13, 2009.  After a fire occurred in their home on October 23, 2008, the Corbetts submitted a claim to Safeco for payment covering the amount of damage to their home caused by the

fire. After conducting an investigation into the claim, Safeco came to believe that the fire damaging the Corbetts' home was intentionally set by Dessie Corbett. In the Complaint, Safeco seeks a declaratory judgment from the Court finding that it is not obligated to provide coverage to the Corbetts for any claim arising out of the October 23, 2008 fire.

On November 12, 2009, Safeco filed this Motion to Stay. Safeco asks the Court to stay the case "pending the outcome of a criminal action involving Defendant Dessie Corbett." Attached to its Motion to Stay as Exhibit A is a criminal warrant for the arrest of Dessie Corbett for committing arson by willingly and knowingly setting fire to her house on October 23, 2008, in violation GA. Code Ann. § 16-7-60 (2009). Also attached to the Motion to Stay is Exhibit B, a History Arrest/Booking Report for Dessie Corbett, which shows that on December 30, 2008, she was charged with first degree arson, but released on bond that same day. In their Response to the Motion to Stay, Defendants admit that Dessie Corbett has been charged with arson, but they also state that she has not been indicted for the crime of arson.

## II.    DISCUSSION

A district court has broad discretion to stay proceedings as an incident to its power to control the cases on its own docket. Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936). The Eleventh Circuit has cautioned, however, that "a court may stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'"

United States v. Lot 5, Fox Grove, Alachua County Fla., 23 F.3d 359, 364 (11th Cir. 1994)(citing United States v. Kordel, 397 U.S. 1, 12 & n. 27, 90 S. Ct. 763, 769-70 & n. 27, 25 L.Ed.2d 1 (1970)).

     Safeco's reasons for the proposed stay and allowing the criminal action to proceed first are: (1) the doctrine of collateral estoppel would bar the Corbetts from litigating the issue of whether the fire was intentionally set in the civil case if Dessie Corbett first is found guilty of committing arson; (2) the risk of inconsistent verdicts would be minimized; (3) judicial economy would be served because the possibility of one trial exists; and (4) the interests of justice would be served because of the significant overlap of issues.  Safeco also points out that Defendants would not be prejudiced by a stay in the civil case, while if the civil case proceeded first, then Dessie Corbett might incriminate herself, which would be prejudicial to her criminal case.  Finally, Safeco notes that the interests of third-persons would be served because if the criminal case resulted in a conviction, then witnesses would be called to testify in only one trial.

     All these facts certainly militate in favor of grating a stay in a civil case where there is a pending related criminal action.  In this case, however, the Court denies the Motion for Stay because the evidence shows that there is no pending criminal action against Dessie Corbett and therefore no need for a stay.  While Dessie Corbett has been charged with arson, there is no indictment issued against her demonstrating that the state of Georgia has decided to prosecute her for the charged

crime. It is within the discretion of the district attorney's office to convene a grand jury and institute formal criminal proceedings if an indictment is secured. The Court assumes that currently the district attorney's office is deciding, given the evidence against Dessie Corbett, whether it will prosecute her for arson. Thus, at this juncture, the Court is unwilling to find that a criminal action exists where Dessie Corbett, the potential future criminal defendant, has merely been charged with, but not indicted for, a crime.[1] Moreover, if the Court was to issue a stay pending the resolution of the alleged pending criminal action, then the length of the stay may be indefinite. An indefinite stay is not in the interest of either party or this Court.

Absent any case law to the contrary, the Court finds no need to stay this civil action until formal proceedings commence against Dessie Corbett. The parties are free to submit another motion to stay the case if and when an indictment is issued against Dessie Corbett.

**SO ORDERED**, this the 14th day of December, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] An indictment must be issued against Dessie Corbett to commence criminal proceedings. According to O.C.G.A. § 17-7-70, the district attorney does not have the authority to prefer an accusation in a case where there is no pending commitment hearing because the defendant has been released on bond within seventy-two hours of arrest.